RECEIVED IN
The Court of Appeals
Sixth District

Dec 0 4 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

DEC 0 4 2015

Texarkana, Texas
Debra K. Autrey, Clerk

06-15-00006-CV

IN THE

## COURT OF APPEALS
## STATE OF TEXAS

| | | |
|---|---|---|
| The Tremble Family, | ) | Luminant Mining Company LLC, |
| Billie Murphy Tremble, | ) | Energy Future Holdings |
| Sharon Tremble Donaldson, | ) | Corporation and Subsidiaries, |
| Selia Tremble Shawkey, | ) | |
| Wilmer Forrest Tremble, Jr. | ) | |
| The Estate of Wilmer Forrest Tremble, Sr., | ) | |
| Appellants, | ) | Appellee. |

---

### APPELLANTS' OPENING BRIEF

---

Appeal from the Judgment
Rusk County District Court of Texas
Date December 16, 2014
Laury Mark, Deputy
Cause No. 2013-392

---

The Tremble Family:

Billie Murphy Tremble
P.O. Box 541
Marshall, Texas 75671
billietremble@yahoo.com
903.938.6829

Sharon Tremble Donaldson
2010 Wineberry Drive
Katy, Texas 77450
donaldson_sharon@live.com
281.206.8400

Selia Tremble Shawkey
712 South 37th St.
San Diego, California 92113
seliashawkey@gmail.com
619.454.8123

Wilmer Forrest Tremble, Jr
P.O. Box 841865
Pearland, Texas 77584
trem455@yahoo.com
281.384.8491

# TABLE OF CONTENTS

ISSUES PRESENTED..................................................................................3

STATEMENT OF APPEALABILITY......................................................... 4

NATURE OF CASE....................................................................................4

STATEMENT OF THE CASE................................................................... 4

STATEMENT OF FACTS......................................................................... 5

SUMMARY OF ARGUMENT...................................................................7

CONCLUSION...........................................................................................8

INDEX OF AUTHORITIES......................................................................9

PRAYER....................................................................................................11

QUESTIONS PRESENTED ON APPEAL...............................................3

    I.      Whether the Appellants were denied their constitutional and civil rights to ownership of undivided, inherited, heir property?

    II.    Did the District Court err in signing Final Judgment?

    III.   Whether or not selective exclusion omitted the appellants from any of the decision making processes?

    IV.   Was there an error in the auctioning of undivided inherited heir property?

    V.    What does the law say about Energy Future Holdings, Luminant Mining and its Subsidiaries legal and ethical standing?

## STATEMENT OF THE APPEALABILITY

The Appellants are appealing the Final Judgment in favor of Luminant Mining Co., LLC, signed on December 16, 2014 in a closed civil trial. We object to any reference or motion by Luminant or any affiliate of Luminant that is obscure. We object and ask any reference of none ownership of property be stricken from the record. We ask that Luminant stick to the facts of the case and that all nonfactual information be stricken from the record.

## NATURE OF CASE

Appellants were not given due process of the law. Oral arguments were not made available to The Tremble Family. The Family was not given the opportunity to be involved in the sale of the land to bid or make any objections. Judgments and decisions in this case were solely in the hands of Appellee with no due diligence or due process of law. The property in question is inherited property and should be treated as such. It is concluded, that Luminant does not have the right or authority to disinherit heirs to property.

## STATEMENT OF THE CASE

The Tremble's were in the process of gathering facts and information for revitalization of the 65.00, 37.46 and 26.00 acre tracts, to benefit all heirs of the undivided heir property when approached by Luminant Mining Company LLC in 2009. A once vibrant property that allowed W.M. and Emma Pollard to college educate four of their ten children. In later years, the elderly Pollard children lived modestly off the former glory of the land. (Refer to one of their Bank Statement).

The Appellee's representatives failed to fully disclose information regarding the Liberty Mine project. The Appellants asked for "full disclosure" on several

4

occasions. The company failed to answer legitimate questions and avoided placing anything in writing, which is the only acceptable response. The Appellee stated over the years their preference in communicating is Verbal Agreement.

The Appellees consistently withheld and concealed pertinent information from Appellants. Nottingham Brick & Title Co. v. Butler (1889) 16 QBD 778. We by law did not and were not previe to pertinent information. All ten heirs associated with said land in Rusk County, Texas have been deceived by the Appellee and its representatives. (Refer to Affidavit of Heirship). Smith v. Land & House Property Corp. (1884) 28 Ch D 7. It holds *that a statement of opinion can represent that one knows certain facts, and* therefore one may have still made a misrepresentation. Numerous questions have been asked and never answered, nor addressed, just ignored.

## STATEMENT OF FACTS

The Appellants filed suit December 12, 2014 alleging Appellee has 100% ownership claim in their undivided, inherited, heir property. The documents are filed in the Rusk County Clerk's Office, Rusk County Appraisal District and in the Court House in Rusk County, Texas. The deeding was on December 16, 2010 for 37.46 (33.094) acres originally owned by Emma Barr Pollard; 65 acres originally owned by W. M. Pollard; 25.326 acres originally owned by Betsy Barr Strong and that acreage was deeded on December 21, 2010. All of the 128.46 acres more or less have Emma Jean Trimble Smith aka Emma Jean Tremble Smith's name on the Rusk County Appraisal District documents. (Ref. to Rusk County Appraisal District Record). Ms Smith has a Cash Warranty Deed dated December 13, 2010 that was notarized by Russell Davis, contract Landman for Luminant Mining Company, LLC. (Ref. Cash Warranty Deed, Vol. 3053, P. 622). The lack of communication from Emma Jean Tremble Smith and Luminant Mining leaves The Tremble Family completely in the dark. The Trembles discovered the deeding in November of 2013. TD/B/C.2/AC.1/7p.11 para.9. The Traditional Most Favoured Nations

5

principle is designed to establish equity in treatment. Ms Smith is not nor has she ever been the Executor of the Estate, Administrator, nor Trustee.

This formerly vibrant property now sits in ruin surrounded by debris with no explanation from either party. Appellants question what has happened to this property and their inheritance. (Refer to current photographs of the Homestead and Barn).

The Last Will and Testament was presented by The Tremble Family to Appellee attorneys Jackson, Sjoberg, McCarthy and Townsend, LLP in response to Summary Judgment Full Disclosure is as follows: According to the law, it is understood in terminology, takers in property succeeded to under a will are termed general beneficiaries, and specifically devisees for real property: characterized as property that doesn't move or that is attached to land. Also, Bequestees for personal property: anything besides land may be subject to ownership: tangible and intangible or legatees for money. Most important, Community Property received by a husband and wife during the marriage, **with the exception of inheritance, specific gifts to one of the spouses, and property and profits clearly traceable to property owned before marriage, all of which is separate property owned by either of them individually**. (Wikipedia). The Tremble siblings: Sharon, Selia and Wilmer, Jr. are legitimate heirs and according to the law inherited property in the 128.46 acres. (Refer to Last Will and Testament).

Mrs. Billie Murphy Tremble is not an issue she is not on trial. This is not a criminal trial and Luminant is out of order even suggesting any wrong doing on her part.

There is the question of whether or not this Appeal should include Energy Future Holdings and its Subsidiaries. The answer to that question can be found in: The Yale Law Journal Vol. 39, No. 2 (Dec., 1929) pp. 193-218. Recent years especially have seen an increase use of the subsidiary – parent structure. The farthest point along this line of evolution has been reached in the public utility field. The reasons for the use of this structure are manifold. The increased facility in financing; the desire to escape the difficulty, if not the impossibility, of qualifying the parent company as a foreign corporation in a particular state; the avoidance of

6

complications involved in purchasing physical assets: the retention of the goodwill of an established business unit, the avoidance of taxation; the avoidance of cumbersome management structures; the desire for limited liability, are among the primary motives. The social and economic order is arranged accordingly. Our philosophy accepts it. It is legitimate. The purpose of the Subsidiary is insulated from liability. These are the reasons a company takes responsibility for its subsidiaries; therefore, Energy Future Holdings and its subsidiaries take responsibility for the decisions, problems, issues, litigations, and financial obligations, etc. of Luminant Mining Company, LLC.

## SUMMARY OF THE ARGUMENT

This is an action seeking declaratory judgment for civil and constitutional infringement, unfair business practices, tortuous interference, deliberate and unlawful conduct, namely: Since 2009 seeking to possess undivided inherited heir property. The relief sought is the return of the property and loss of income. Reverse and Render. Tex.rcv tex.RTD.p.166. We by law were not privy to pertinent information from the Appellee. Erik L. Collins & Gretchen M. Smith, Awards of Damages of Mental Anguish Without Proof of Harm to Reputation. Any misrepresentation is grounds for rescission. Museprime Properties v. Adhill Properties [1990] 36 EG 114. In Smith v. Land & House Property Corp. (1884) 28 Ch.D7. However where the person giving the statement was in a position to know the true facts and it can be proved that he could not reasonably have held such a view as a result, then his opinion will be treated as a statement of fact. There have been contradictory statement and a complete lack of transparency by Luminant Mining Company, LLC.

The natural facts are relatively simple as a result of this long ordeal, the Appellants lost and were deprived of great gains and profit which would

7

constantly harassed and still question what has happened to this property and our inheritance.

The Last Will and Testament was presented by The Tremble Family to Appellee attorneys Jackson, Sjoberg, McCarthy and Townsend, LLP in response to Summary Judgment Full Disclosure.

According to the law, it is understood in terminology, takers in property

otherwise have accrued to them, ie. cutting timber, cattle grazing, renting the house, etc. which is a direct result of the documents filed in the Rusk County Court House in Rusk County, Texas. (Refer to Timber Correspondence; Notice of Final Judgment).

# CONCLUSION

In Chapter 11 Bankruptcy law

section 541

**(1)** Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) **of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—**
**(A)**
**that restricts or conditions transfer of such interest by the debtor; or**
**(B)**
**that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.**
**(2)**
A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.
**(d)**
**Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property,**

**but not to the extent of any equitable interest in such property that the debtor does not hold.**

The Trembles were placed in Energy Future Holdings Chapter 11 Bankruptcy by Luminant Mining, due to their suit against Luminant. (Refer to Notice of Suggestion on Pendency of Bankruptcy for Energy Future Holdings Corp., et al. and Automatic Stay of Proceedings).

According to the law and Judge Christopher S. Sontchi, United States Bankruptcy, the land is ordered to be returned to the heirs. Case 15-11934 Doc 7 Filed 09/17/15, Relief Requested and Supporting Authority. Luminant has not been forthcoming; a reliable source advised there is a crane and tractors on the 26 acres more or less tract of land and a large hole in the ground. (Refer to photo of crane on property). There are barricades and flags all around the property. The Tremble Family and Luminant Mining Co., LLC are in litigation; however, Luminant has chosen once again to "Hide the Ball." The Appeal is absolutely legitimate and Luminant has no legal standing. We respectfully ask the court to take into consideration our due diligence. We have no explanation or say in anything.

## INDEX OF AUTHORITIES

## CASES:

Case 15-11934 Doc 7 Filed 09/17/15..................................................................9

Chapter 11 Bankruptcy Law Section 541..........................................................8

Museprime Properties v. Adhill Properties [1990] 36 EG 114..........................7

Nottingham Brick & Title Company v. Butler (1889) 16QBD 778.....................5

Smith v. Land & House Property Corp. (1884) 28 Ch.D7...............................5,7

TD/B/C.2/AC.1/7 p.11 para.9...........................................................................5

Tex.rcv tex.RTD.p.166...............................................................................7

The Yale Law Journal Vol. 39, No.2 (Dec., 1929) pp.193-281.............................6

OTHER DOCUMENTS:

Affidavit of Heirship.............................................................................5

Bank Statement...................................................................................4

Cash Warranty Deed.............................................................................5

Crane on Property, Photograph.............................................................9

Homestead and Barn, Current Photographs.........................................6

Last Will and Testament.......................................................................6

Notice of Final Judgment......................................................................8

Notice of Suggestion on Pendency of Bankruptcy...............................9

Rusk County Appraisal District.............................................................5

Timber Correspondence........................................................................8

Wikipedia.............................................................................................6

## PRAYER:

It is our prayer that the Honorable Court of Appeals will come to our rescue and not allow our undivided inherited property to become a statistic of African American inherited land taken by force. All these things are evident of a denial of justice and civil rights. A declaration that the acts of omission described herein violated Appellants rights under the Constitution and laws of the United States. Our coveted Declaration of Independence says, "We hold these truths to be self evident, that all men are created equal..."The Virginia Declaration of Rights, authored by George Mason and approved by the Virginia Convention on June 12, 1776, contains the following: all men are by nature equally free and independent, and have certain inherent rights of life, liberty, with means of acquiring and possessing property, and pursuing and obtaining happiness and safety." However, minorities have systematically been denied their land rights. Ownership of land has always been deemed a valuable economic resource that is and has been in many cases taken by violence, legal exploitation, and trickery. It is our fervent prayer this land will remain in our family for generations to come and that we will be compensated for the loss of income due to the documents that are filed in Rusk County Court House, Rusk County, Texas.

In lieu of the bankruptcy laws and Judge Christopher Sontchi's ruling; the documents in the court house require removal being replaced by the original deeds. In addition, move all equipment off the land, covering all holes with complete restoration of the house, barn, etc. Reverse and Render. We the members of the Tremble Family throw ourselves on the mercy of the court.

11